ALAMANCE COUNTY HOSPITAL, INC. v. PRICE NEIGHBORS AND BETTE HOWARD, JOINTLY AND SEVERALLY

No. 8315DC884

(Filed 5 June 1984)

1. **Parent and Child § 7— hospital expenses of minor child—legal custody in mother—father not liable**

    Defendant father was not liable for the hospital expenses of his minor child where the mother and father were divorced and the mother had legal custody of the child; the mother took the child to plaintiff hospital for two separate admissions and executed installment promissory notes to the hospital for payment of the child's hospital expenses; and there was no indication that defendant father had any notice or knowledge of the child's hospitalization or that plaintiff and defendant father had any arrangement regarding the payment of the child's medical expenses.

2. **Parent and Child § 7— non-custodial parent—no liability for child's medical care**

    While parents are ordinarily liable for the support, maintenance, and care of their minor children, a non-custodial parent is not liable to a third-party provider of non-emergency care for a minor child absent some contractual relationship between such third party and the non-custodial parent.

APPEAL by plaintiff from *Allen (J. B.), Judge.* Order entered 12 May 1983 in District Court, ALAMANCE County. Heard in the Court of Appeals 10 May 1984.

This is a civil action wherein plaintiff hospital seeks to recover from the defendants, jointly and severally, the sum of $4,205.69 for hospitalization of and medical care for the minor daughter of defendants. The following facts are not controverted:

The defendants are the parents of Kimberly Renae Neighbors, now seventeen years old. The defendants were di-

vorced on 13 May 1970, and on 31 December 1975 defendant mother was granted primary custody of Kimberly. Defendant father is required by court order to pay thirty dollars a week for the support and maintenance of Kimberly.

On 4 June 1982 Kimberly was admitted to plaintiff hospital for treatment, and on 17 June she was readmitted. The total cost of the two admissions was $4,205.69. The hospital records disclose that defendant mother signed the admission form on 4 June, when the child was admitted. Nothing in the record indicates that defendant father signed any of the forms, or that he even knew Kimberly was hospitalized. The record does show that on 8 June 1982 defendant mother signed an installment promissory note agreeing to pay the hospital $25.00 a month for 53 months. On 26 June 1982 Ms. Howard signed another installment promissory note in which she agreed to pay plaintiff hospital $10.00 a month for 210 months.

Defendant father filed a motion under N.C. Gen. Stat. Sec. 1A-1, Rule 12(b)(6), North Carolina Rules of Civil Procedure, asking that the court dismiss plaintiff's complaint for failure to state a claim for relief. Defendant father also filed a motion under Rule 21 asking that his name be stricken as a party defendant on the grounds that "[h]e is not a necessary or proper party in this action." After a hearing on the motions the trial court entered an order granting defendant father's Rule 12(b)(6) and Rule 21 motions. Plaintiff appealed.

*Vernon, Vernon, Wooten, Brown & Andrews, P.A., by T. Randall Sandifer, for plaintiff, appellant.*

*William T. Hughes for defendant father, appellee.*

HEDRICK, Judge.

This appeal is subject to dismissal because it is from an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." N.C. Gen. Stat. Sec. 1A-1, Rule 54(b), North Carolina Rules of Civil Procedure. We choose, however, to exercise our discretion and consider the appeal on its merits and affirm summary judgment for defendant father.

At the outset we note that, while the trial court allowed defendant's Rule 12(b)(6) motion, it considered matters outside of

the pleadings in doing so, which converted its ruling into one of summary judgment for the defendant. Accordingly, we consider whether the record reveals no genuine issue as to any material fact, entitling defendant father to judgment as a matter of law.

[1, 2] The record discloses that the defendants, mother and father, are divorced and that defendant mother has legal custody of the minor child. Defendant mother took Kimberly to plaintiff hospital for two separate admissions and executed two promissory notes payable to plaintiff hospital "for value received." Nothing in the record suggests that defendant father had any knowledge of his daughter's illness or hospitalization. There is no indication in the record that plaintiff notified defendant father of his daughter's admission, or that plaintiff and defendant father had any arrangement whatsoever regarding the payment of bills incurred for Kimberly's medical care. This record discloses no genuine issue as to any material fact with respect to plaintiff's claim against defendant father. While parents are ordinarily liable for the support, maintenance, and care of their minor children, a non-custodial parent is not liable to a third-party provider of non-emergency care for a minor child absent some contractual relationship between such third party and the non-custodial parent. We thus hold that on the uncontroverted facts disclosed by this record, defendant father is entitled to judgment as a matter of law.

Affirmed.

Judges ARNOLD and PHILLIPS concur.